# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| United States of America, | Case Nos. 3:02CR751 & 02CR772 |
| Plaintiff | |
| v. | **ORDER** |
| Timothy S. Tuttamore, | |
| Defendant | |

The petitioner pled guilty to committing three armed bank robberies. In July, 2003, he received a sentence totaling 217 months' imprisonment. (Doc. 28, *U.S. v. Tuttamore*, Case No. 3:02CR772; Doc. 38, *U.S. v. Tuttamore*, Case No. 3:02CR751). His present "out date" is January 28, 2019.

Pending is his petition under the All Writs Act, 28 U.S.C. § 1651, for a writ of error coram nobis. Via such writ he seeks to have his sentence altered to the extent that he no longer must pay $28,948.59 in restitution for his crimes.

The government has filed a detailed, indeed scholarly, response in which it recites the stringent limitations on the relief available under coram nobis.

It is not necessary, however, to recite or rule on any of the points it makes except one: namely that, because the petitioner remains in custody, he cannot obtain relief – even assuming, as is highly doubtful, that he might possibly be entitled to it. *U.S. v. Waters*, 770 F.3d 1146, 1147 (6th Cir. 2014); *Petaway v. U.S.*, 2017 WL 1422844, *1 (N.D. Ohio).

Because binding precedent precludes relief on that basis alone, ruling on the remainder of the government's contentions would simply amount to providing an advisory opinion.[1]

It is, accordingly,

ORDERED THAT:

1. The petition for a writ of error coram nobis (Doc. 43 in Case No. 3:02CR751 and Doc. 32 in Case No. 02CR772) be, and the same hereby is, denied; and

2. An appeal from this decision could not be taken in good faith, and shall not be allowed without prepayment of the requisite filing fee.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge

---

[1] I note that the petitioner's handwritten reply asserts that he should be relieved of his restitution obligation because the banks he robbed recovered the funds he stole in the form of federal insurance proceeds. The fact that such may be so hardly relieves the petitioner of his obligation to pay restitution. To hold otherwise would, in effect, permit a successful robber to keep his ill-gotten gains simply because a third party (to whom the banks paid premiums) stepped in to cover the loss.